UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON

Eastern District of Kentucky
F I L E D
MAY 0 4 2005
AT LONDON
LESLIE G. WHITMER
CLERK U.S. DISTRICT COURT

CIVIL ACTION NO. 05-CV-199-KKC

KEITH O. STODDARD     PETITIONER

VS:     **MEMORANDUM OPINION AND ORDER**

UNITED STATES PAROLE COMMISSION, ET AL.     RESPONDENTS

\* \* \* \* \*

On January 12, 2005, Keith O. Stoddard, an individual presently confined at the Federal Correctional Institution (FCI) in Manchester, Kentucky, paid the district court filing fee for a habeas proceeding and filed the instant *pro se* petition for a writ of habeas corpus, pursuant to 28 U.S.C. §2241, in the United States District Court for the District of Columbia, No. 1:05-CV-0046-RCL.[1] By Order of April 4, 2005, the matter was ordered transferred to this Court, Warden Charles E. Samuels at FCI-Manchester, in the Eastern District of Kentucky, being identified as the petitioner's custodian and, therefore, the proper respondent.

This matter is before the Court for screening. 28 U.S.C. §2243; *Demjanjuk v. Petrovsky*, 612 F. Supp. 571 (N.D. Ohio 1985) (citing *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970), *cert. denied*, 400 U.S. 906 (1970); *accord Aubut v. State of Maine*, 431 F.2d 688, 689 (1st Cir. 1970)).

## CLAIMS

In his petition, Keith Stoddard challenges an August 30, 2004 parole revocation hearing and subsequent October 12, 2004 decision by the United States Parole Commission [hereinafter "the Commission"]. He attaches a copy of the Commission's decision revoking his parole and ordering his incarceration to a presumptive re-parole date of July 20, 2007, after service of 36 months; it also set several

---

[1] Upon the filing of the instant action, the District Court in D.C. ordered service of the petition on the petitioner's warden, the United State Parole Commission, and the Attorney General for the District of Columbia. The docket of that court reveals that in response to the petition, the United State moved for transfer of the proceeding to this Court, the petitioner's warden being located in the Eastern District of Kentucky. Despite the petitioner's filings in opposition to the motion, the matter was transferred by the Court on April 4, 2005 [Record No. 11]. This Court notes that the transferred documents include a notice of a related case, the notice showing that the petitioner had previously filed another case, *Stoddard v. Trainum*, No. 02-1046-RCL, in the United States District Court for the District of Columbia.

conditions for his supervised release thereafter. The petitioner claims that (1) he received ineffective assistance of counsel prior to and at the hearing and (2) his due process rights were violated.

Since the transfer of his cause to this Court, the petitioner has filed a motion for appointment of counsel [Record No. 2], which the Court considers premature at this stage. Therefore, the Court will deny the motion at this time, the denial to be without prejudice to the petitioner's bringing another motion later. Appointment of counsel for indigent parties in habeas proceedings rests in the sound discretion of the district court "unless denial would result in a fundamental unfairness impinging on due process rights." *LaClair v. United States*, 374 F.2d 486, 489 (7th Cir. 1967).

The petitioner has also moved for this Court to order the respondent to produce transcripts of the August 30, 2004 parole revocation hearing [Record No. 3]. The Court will give the United States an opportunity to respond to this motion.

## ORDER

Accordingly, the Court being advised, **IT IS ORDERED** as follows:

(1) The respondent in this action is the warden of FCI-Manchester. 28 U.S.C. §§2242, 2243; *Guerra v. Meese*, 786 F.2d 414, 416-417 (D.C. Cir. 1986).

(2) The Clerk of the Court shall serve by certified mail a copy of the petition and this Order upon the Respondent Warden (identified by the petitioner as Charles E. Samuels, Jr.), and on the Attorney General for the United States, and on the United States Attorney for the Eastern District of Kentucky.

(3) Respondent, by counsel, shall answer or otherwise defend within thirty (30) days of the date of entry of this Order. Respondent shall also file with his answer all relevant documentary evidence which bears upon the allegations contained in the petition.

(4) Upon entry of a response herein or upon the expiration of said period of time, the Clerk of the Court shall forward the record to the Pro Se Office for the Court's further consideration.

(5)     The petitioner shall keep the Clerk of the Court informed of his current mailing address.  Failure to notify the Clerk of any address change may result in a dismissal of this case.

(6)     For every further pleading or other document he wishes to submit for consideration by the Court, the petitioner shall serve upon each defendant, or, if appearance has been entered by counsel, upon each attorney, a copy of the pleading or other document.  The petitioner shall send the original papers to be filed with the Clerk of the Court together with a certificate stating the date a true and correct copy of the document was mailed to each defendant or counsel.  If a District Judge or Magistrate Judge receives any document which has not been filed with the Clerk or which has been filed but fails to include the certificate of service of copies, the document will be disregarded by the Court.

(7)     The petitioner's motion for appointment of counsel [Record No. 2] is **DENIED**, without prejudice.

This the 4th day of May, 2005.



**Signed By:**
**Karen K. Caldwell**
**United States District Judge**

3