NOT FOR PUBLICATION OR CITATION

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON

CIVIL ACTION NO. 05-CV-199-KKC

KEITH O. STODDARD                                                                                        PETITIONER

VS:                              **MEMORANDUM OPINION AND ORDER**

UNITED STATES PAROLE COMMISSION, ET AL.                                           RESPONDENTS

\* \* \* \* \*

This matter is before the Court on Petitioner's *pro se* petition for writ of habeas corpus, pursuant to 28 U.S.C. §2241 [Record No. 1]. Fully briefed, the matter is ripe for review.

**BACKGROUND**

On August 7, 1990, Stoddard was sentenced by the Superior Court for the District of Columbia to a 15-year prison term for assault with intent to commit rape, a consecutive 1-year prison term for assault, and a consecutive 1-year prison term for attempted sodomy. Stoddard was mandatorily released on good-time deductions on June 16, 2000.

By a report dated April 25, 2001, Stoddard's supervision officer requested that the Parole Commission issue a violator warrant for Stoddard. The supervision officer reported that Stoddard had absconded from his drug treatment program, failed to report to his supervision officer for instructions, and failed to cooperate with his supervision officer. The Commission issued a violator warrant on April 27, 2001, charging Stoddard with failure to report a change in residence, and failure to report to his supervision officer as directed. Stoddard was arrested on the warrant on September 19, 2001. Stoddard was given a revocation hearing on November 28, 2001. By notice of action

1

dated January 4, 2002, the Commission informed Stoddard of the following decisions: (1) revoke parole; (2) none of the time spent on parole shall be credited; and (3) continue to a presumptive parole after the service of 12 months. Stoddard was paroled again on September 19, 2002.

By report dated May 28, 2004, Stoddard's supervision officer alleged that Stoddard had violated the conditions of his parole and requested that the Commission issue a summons for Stoddard to appear at a revocation hearing. The report alleged that Stoddard had violated the conditions of his parole by falsifying sex offender registry documents and failing to notify an employer that he was a sex offender.[1] On June 23, 2004, the Commission issued a violator warrant for Stoddard charging the parole violations alleged in the violation report. Stoddard was arrested on the violator warrant on July 20, 2004.

A probable cause hearing was scheduled for July 23, 2004. Following a brief continuance requested by Stoddard, a probable cause hearing was conducted on July 27, 2004. Stoddard was represented at the probable cause hearing by attorney Tracy Hayes of the Public Defender Service (PDS) of the District of Columbia. At the hearing, attorney Hayes acknowledged receiving disclosure of the documents supporting the alleged violations and a copy of Stoddard's pre-sentence report. Stoddard denied the alleged parole violations; but, based on the violation report, the hearing examiner found probable cause for the charges. While the hearing examiner noted that Stoddard may qualify for an expedited revocation, the Commission determined that, because of Stoddard's base offense behavior and his alleged parole violations, the expedited revocation procedure should

---

[1] Stoddard's employer, Hearts and Homes for Youth, Inc., is a private, nonprofit agency serving youth throughout Maryland who are neglected, abused, abandoned, runaways, homeless, or otherwise at-risk.

2

not be employed. Accordingly, a revocation hearing was held on August 30, 2004.

In the meantime, on July 28, 2004, PDS attorney Hayes made a request under the Freedom of Information Act for copies of all documents maintained by the Commission on Stoddard. On the same date, Hayes made a request for pre-hearing disclosure under the Commission's rule at 28 C.F.R. §2.103(d). In this request, Hayes asserted Stoddard's right to a local revocation hearing, requested that the Commission ensure the attendance of Stoddard's supervision officer at the hearing, and noted that Stoddard anticipated presenting voluntary witnesses at the hearing. On August 5, 2004, the Commission disclosed 169 pages from Stoddard's file to attorney Hayes.

Stoddard's revocation hearing was held on August 30, 2004. Stoddard was represented by attorney Hayes at the hearing. Minister Barbara Montgomery and Stoddard's wife appeared as witnesses on Stoddard's behalf at the hearing; both witnesses testified in favor of the parolee. In answering the charges, Stoddard admitted that he failed to submit correct information on his sex offender verification form in regards to the name and addresses of his employer. Stoddard, however, contended that this was an innocent oversight and not an attempt to falsify the form. Moreover, Stoddard argued, the form was corrected within a brief amount of time. In regards to Charge No. 2 - failing to notify an employer of sex offender status as directed - Stoddard admitted that he did not inform a prospective employer that he had been convicted of a sex offense and was currently on parole because he wanted to present the "best face" possible and not diminish his chances of getting a job.

At the conclusion of the hearing, the hearing examiner found Stoddard to have violated the conditions of his release, and recommended the following: (1) revoke parole; (2) none of the time spent on parole should be credited; and (3) continue to a presumptive parole after the service of 12

months. The hearing examiner noted that the offense behavior was rated as Category 1, because Stoddard failed to register as a sex offender and failed to notify his employer of his sex offender status as directed. The hearing examiner also noted two aggravating factors: (1) Stoddard's use of alcohol, and (2) Stoddard's violation of the community sanctions, Electronic Monitoring Program. The hearing examiner used those aggravating factors, learned about for the first time at the hearing, to recommend a re-parole date at the top of the 8-12 month guideline range.

By notice of action dated October 12, 2004, the Commission accepted the hearing examiner's recommendations to revoke parole and to deny crediting Stoddard's time spent on parole. In contrast, rather than setting Stoddard's re-parole date at 12 months as the hearing examiner recommended, the Commission determined that a departure from the guidelines was warranted and set Stoddard's re-parole date at 36 months. The notice of action explained the reasons behind the Commission's decision to exceed the guidelines, and concluded that Stoddard was a more serious parole risk than indicated by his Salient Factor Score.

## STANDARD OF REVIEW

The Court notes that its scope of review over a decision by the Parole Commission is extremely limited. The Parole Commission is "vested with the broadest discretion consistent with due process to act upon reliable evidence in revoking parole." *Taylor v. United States Parole Commission,* 734 F.2d 1152, 1155 (6th Cir. 1984) (quoting *United States ex rel. Sperling v. Fitzpatrick,* 426 F.2d 1161, 1163 (2d Cir. 1970). Consequently, while the Parole Commission may revoke an inmate's parole only upon a finding by a preponderance of the evidence that the parolee violated a condition of his parole, the Court's review is limited to determining whether the Commission abused its discretion in making such a finding. *Taylor,* 734 F.3d 1155; 18 U.S.C.

§§4214(d), 4218(d). An abuse of discretion has occurred when this Court has a definite and firm conviction that a clear error of judgment has been made. *Id.* Essentially, only a rational basis for a decision of the Parole Commission must exist. *Hackett v. United States Parole Commission,* 851 F.2d 127, 129 (6th Cir. 1987).

## DISCUSSION

In this action for habeas relief under 28 U.S.C. §2241, petitioner Stoddard challenges a parole revocation decision of the United States Parole Commission. Specifically, Stoddard complains that he was denied effective assistance of counsel at his parole revocation hearing, and that the Commission violated his due process rights in using unadjudicated criminal charges to revoke his parole and set his date for re-parole.

### I. Ineffective Assistance of Counsel

Stoddard's first claim alleges that he was denied effective assistance of counsel at his parole revocation hearing. Specifically, Stoddard argues that he was denied effective assistance of counsel because he had no meaningful contact with his attorney prior to his parole revocation hearing, because his attorney failed to request a continuance, and further, because his attorney failed to subpoena a favorable witness. For Stoddard's ineffective assistance of counsel claim to prevail, he must show that his attorney's performance at his parole revocation hearing was so deficient that "the conviction or sentence resulted from a breakdown in the adversary process that renders the result unreliable." *Strickland v. Washington,* 466 U.S. 668, 686 (1984). Upon a review of the record, the Court finds that Stoddard has failed to meet this burden.

In order to succeed on an ineffective assistance of counsel claim, petitioner must establish that: (1) his counsel's performance was constitutionally deficient; and (2) the prejudice resulting

from his counsel's errors deprived him of a fair hearing. *Lynott v. Story,* 929 F.2d 228, 232 (6th Cir. 1991) (citing *Strickland v. Washington,* 466 U.S. 668 (1984)). In order to show prejudice, Petitioner must demonstrate that, had it not been for his counsel's errors, the result of the proceeding would have been different. *Lynott,* 929 F.2d at 232 (citing *Young v. Miller,* 883 F.2d 1276, 1280 (6th Cir. 1989).

The record does not reflect Stoddard's complaints regarding attorney Hayes. Prior to the revocation hearing, attorney Hayes made multiple requests for disclosures and, in fact, obtained over 160 pages of relevant documents from Stoddard's parole file. Moreover, attorney Hayes appeared on Stoddard's behalf at the July 27, 2004 probable cause hearing and asserted Stoddard's procedural right to the appearance of the adverse witness in his case, *i.e.*, Stoddard's supervision officer, Stacey Keaton. At the revocation hearing, attorney Hayes questioned the voluntary witnesses appearing on Stoddard's behalf and assisted Stoddard in explaining his positive urine specimen and loss of contact while on electronic monitoring. Finally, attorney Hayes argued for a middle-of-the-guideline decision based on the subject's admission to the alleged violations. The Court fails to see how these actions can be deemed constitutionally deficient.

Even if the Court assumes, *arguendo*, that attorney Hayes' performance was constitutionally deficient, Stoddard has failed to establish that the allegedly deficient representation prejudiced the outcome of his parole revocation hearing. In conclusory fashion, Stoddard states that had his attorney been better prepared and more competent, the hearing examiner's recommendation would have been 10 months rather than 12. The Court has failed to find support for this position in the record. In fact, the hearing examiner's evaluation states that her decision to make a top-of-the-guideline recommendation, *i.e.,* 12 months, was based on the fact that Stoddard "submitted a urine

specimen that tested positive for alcohol and the fact that he violated the [electronic monitoring] sanctions." [Record No. 17, Exhibit 25, Page 5] Regardless, the Commission rejected the hearing examiner's recommendation of 12 months and, departing from the guideline range, ordered Stoddard's re-parole be set at 36 months. Were the hearing examiner to have recommended 10 as opposed to 12 months, the Court is doubtful the Commission's decision would have been any different.

Stoddard committed two rather serious violations of his parole, which were detailed in his supervision officer's May 28, 2004 report. Stoddard did not dispute these violations at his parole revocation hearing; he merely tried to justify them. Moreover, aggravating circumstances were found by the hearing examiner resulting in a top-of-the-guideline recommendation. The Court finds that Stoddard has failed to carry his burden of establishing that attorney Hayes demonstrated a less than reasonable level of competence in assisting him during his revocation hearing. Moreover, Petitioner has not shown that he was in any way prejudiced by his attorney's representation, or that a different result would have occurred with different counsel. No matter who represented Petitioner, and no matter how long he/she had to prepare, it seems the hearing examiner would have made the same recommendation based on the *undisputed* supervision officer's report and finding of aggravating circumstances. Additionally, regardless of the hearing examiner's recommendation, there is no evidence to support the theory that the Commission's decision would have been different. Accordingly, the Court finds Stoddard's ineffective assistance of counsel argument to be without merit.

    **II.**    **Due Process Violation**

Stoddard's second claim alleges that the Commission violated his due process rights by using

unadjudicated criminal charges to revoke his parole and set his date for re-parole. Stoddard raises this claim with respect to the Commission's use of his failure to provide full and truthful information in filling out the sex offender registry verification form, and the Commission's use of allegations that he committed sexual assault offenses other than the offenses that led to his conviction.

As stated above, Stoddard's supervision officer alleged that Stoddard had falsified information on his sex offender registry verification form. The Commission construed this as a "law violation" and charged Stoddard with failing to register as a sex offender in violation of his conditions of release. While the District of Columbia requires by law that sex offenders provide all information required for registration, report any changes in such information, and periodically verify such information, D.C. Code §22-4014, registering as a sex offender was an explicit condition of Stoddard's September 19, 2002 release. Accordingly, regardless of what the Commission decided to call Stoddard's falsification of information, it was in fact a violation of his conditions of release. In his "Traverse," Petitioner states that the Commission filed criminal charges within their agency and failed to provide Petitioner with an attorney, separate from the revocation attorney, to defend the new criminal charges [Record No. 20]. There is no evidence in the record to support Petitioner's position. Even if the Commission considered Stoddard's actions "new criminal conduct,"

> the Parole Commission may find a parole violation based upon its own finding of new criminal conduct even if (1) the parolee is later acquitted of all charges arising from the same conduct, (2) all criminal charges arising from the same conduct are dismissed prior to trial, or (3) the parolee's criminal conviction is subsequently overturned.

*Taylor v. United States Parole Commission,* 734 F.2d 1152, 1155 (6th Cir. 1984) (internal citations omitted). Therefore, the Court finds that the Commission did not abuse its discretion in qualifying Stoddard's falsification of information as a law violation, or in considering such information when

8

reaching its final decision.

Petitioner also alleges that the Parole Commission abused its discretion by considering allegations of sexual assault offenses, other than the offenses that led to his conviction. In its October 12, 2004 notice of action, the Commission stated, "... a decision above the guidelines is warranted because you are a more serious risk than indicated by the guidelines in that your score does not reflect the fact that you raped 3 women, and attempted to rape a 4th woman ..." [Record No. 17, Exhibit 26, Page 2]. Presumably, the Commission was referencing the offenses that led to Stoddard's original conviction. In case F-6657-89E, Stoddard was charged with rape and simple assault [Record No. 17, Exhibit 5]. The charges arose out of two incidents involving the same victim [Record No. 17, Exhibit 5]. Pursuant to a plea agreement, Stoddard pled guilty to the charge of assault with intent to commit rape [Record No. 17, Exhibit 1]. In case F-13588-89, Stoddard was charged with assault with intent to commit sodomy; as part of a plea agreement, Stoddard pled guilty to these charges [Record No. 17, Exhibits 2 and 5]. While both of these cases were pending, Stoddard was again arrested and charged with rape in case F-5046-90 [Record No. 17, Exhibit 5]. This charge was dropped as part of the above-noted plea agreements [Record No. 17, Exhibit 5]. Stoddard was a suspect in yet another rape; however, he was never formally charged.

By the Court's calculation, the Commission erred in its factual statement regarding the number of rapes Stoddard committed. Were this the only factor the Commission relied on in departing from the guidelines, the Court would have serious reservations about the Commission's decision. However, the remainder of the Commission's notice of action is replete with other factors that support the Commission's final decision. A review of a decision by the United States Parole Commission is limited to a determination that a rational basis exists for the Commission's

conclusions. *See Kimberlin v. White,* 7 F.3d 527, 533 (6th Cir. 1993); *Hackett v. United States Parole Commission,* 851 F.2d 127, 129-30 (6th Cir. 1987) (per curiam). Clearly, such a rational basis exists in the instant case.

## CONCLUSION

The Commission found that Stoddard should be deprived of his conditional liberty for failing to observe special parole conditions. After careful consideration, the Court concludes that the Parole Commission did not abuse its discretion in reaching this decision. Accordingly,

**IT IS ORDERED HEREIN AS FOLLOWS**:

(1) Petitioner's 28 U.S.C. §2241 petition for writ of habeas corpus [Record No. 1] be, and the same hereby is, **DENIED**.

(2) The above-captioned matter be, and the same hereby is, **DISMISSED**.

Dated this 2nd day of November, 2005.



Signed By:
*Karen K. Caldwell* KKC
**United States District Judge**